## UNITED STATES v. E. REGENSBURG & SONS.

### (District Court, S. D. Florida. May 19, 1919.)

CUSTOMS DUTIES ⚫══92—TREASURY DECISION—MANUFACTURING WAREHOUSE—REMOVAL OF CIGARS—CHARGE FOR STAMPS.

Treasury Decision 34659, July 22, 1914, instructing collectors to make an arbitrary charge of $10 per 1,000 for stamps furnished to manufacturers to be affixed to boxes of cigars made in bonded manufacturing warehouses, indicating their character, origin of tobacco, and place of manufacture, as required by Tariff Act Oct. 3, 1913, § 4m (Comp. St. § 5672), without regard to the cost of such stamps to the government or the reasonable cost of furnishing the same, is not within the powers conferred on the Secretary of the Treasury by the act, and cannot be enforced.

Action by the United States against E. Regensburg & Sons, a corporation. On demurrer to amended declaration. Sustained.

H. S. Phillips, U. S. Atty., of Tampa, Fla.
McKay & Withers, of Tampa, Fla., for defendant.

CALL, District Judge. This cause comes on to be heard upon the demurrer to the amended declaration. The suit is for a debt claimed to be due by virtue of T. D. 34659, July 22, 1914, prescribing the amount to be paid by the manufacturer for stamps to be affixed to the boxes of cigars, showing the country from which the tobacco was imported, place of manufacture, etc.

The only amendment to the declaration that need be noticed is to the effect that the charge for such stamps was required to cover expense to the plaintiff for furnishing same. It nowhere alleges that this was the expense, or that it was reasonable.

As I pointed out in my previous decision, the act of Congress approved October 3, 1913 (38 Stat. 114, c. 16), does not vest the Secretary of the Treasury with power to regulate the kind of stamps, or prescribe its terms; nor does the act itself undertake to say what kind of stamp is required, but does set forth how the stamp shall be worded, and its terms. Now, if the contention of the government is correct, the Treasury could have prescribed any other amount than $10 per 1,000 for said stamps, say $100 per 1,000, and thereby created by regulation a debt to be paid by the manufacturer, whether such sum was the reasonable cost of printing and distributing such stamps or not. It does not seem to me that the amendment cures the defect in the original declaration. Had Congress vested the Secretary with the power by regulation to prescribe the kind, contents, and charge for such stamps, a different question might arise; but I find no such power given in the act.

Were the suit based upon the implied promise raised by the law from the receipt and acceptance by the manufacturer of so many stamps, of the value of such a sum, an entirely different question would arise; but if the instant declaration could be construed in this light, it would still be defective, because it nowhere alleges the charge to be reasonable.